104 F.3d 363
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
FOND DU LAC BAND OF CHIPPEWA INDIANS; Robert Peacock;
Peter Defoe; Clifton Rabideaux; Herman Wise;
George Dupuis, Plaintiffs-Appellees,
v.
Arne CARLSON, Governor of Minnesota; Rodney Sando,
Commissioner of the Minnesota Department of Natural
Resources; Raymond B. Hitchcock, Assistant Commissioner of
Operations, Minnesota Department of Natural Resources, Defendants,
Robert J. EDMONDS; Michael Sheff, Movants-Appellants.
 No. 96-1984.
 United States Court of Appeals, Eighth Circuit.
 Submitted Nov. 20, 1996.
Filed Dec. 2, 1996.
 
 Before BEAM, LAY, and LOKEN, Circuit Judges.
 LAY, Circuit Judge.
 
 
 1
 Petitioners, Robert Edmonds and Michael Sheff, are property owners in the state of Minnesota. They seek to intervene as defendants in the underlying suit brought by the Fond Du Lac Band of Chippewa Indians and individual Band members to enjoin state officials from enforcing state laws which allegedly interfere with hunting, fishing and gathering rights held by the Band under Treaties of 1837 and 1854. Petitioners assert that their property rights and property values will be affected by the resolution of this case.
 
 
 2
 Motions to intervene, the second of such motions, were filed with the district court on February 2, 1995. On March 18, 1996, the district court denied the motions as untimely, based on the progression of the case and what the court perceived as prejudice to the plaintiffs. A party seeking to intervene as a matter of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure must file a timely application. Mille Lacs Band v. State of Minnesota, 989 F.2d 994, 998 (8th Cir.1993).
 
 
 3
 Petitioners state that if granted the intervention, they will not seek to "undo" in the district court any of the Phase I litigation, which is apparently completed. They represent that they will undertake no discovery in either Phase I or Phase II proceedings and will abide by the Scheduling Order which has already been issued for Phase II. Subject to these concessions, and given the plaintiffs' inability to articulate any harm or manner in which they would be prejudiced by the petitioners' intervention, we find the motions to intervene in the above-entitled case should be granted.
 
 
 4
 We hold that the motions to intervene shall be granted to allow intervenors to join as defendants in the above-entitled consolidated case, to join the state's pending motion for summary judgment relating to Phase II, and otherwise fully to participate as parties in Phase I and Phase II in any future proceedings relating to the pending litigation. The district court may further define the role of the intervenors in all pending motions and future proceedings.
 
 
 5
 We vacate the order of the district court and remand for further proceedings.